UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


LARRY LAMONT ANDERSON       ]
    Plaintiff,              ]
                            ]
v.                          ]       No. 3:13-0686
                            ]       Judge Trauger
WILLIAMSON COUNTY SHERIFF'S ]
DEPARTMENT, et al.          ]
    Defendants.             ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Williamson County Jail in Franklin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Williamson County Sheriff's Department and Deputy Christy Robbins, seeking injunctive relief and damages.

On June 23, 2013, the plaintiff was working in the kitchen at the Jail when Deputy Robbins "smacked" him in the face. The smack in the face appeared to be accidental and the plaintiff was taken to the clinic for examination. A short time later, he returned to the kitchen.

Three days after the incident, the plaintiff was issued a disciplinary report charging him with horseplay. The plaintiff alleges that he was falsely accused and that the disciplinary report was intended to mask the fact that Deputy Robbins had struck

1

him.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Williamson County, the municipal entity that operates the Williamson County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Williamson County or its agent, the Williamson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Williamson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Williamson County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge